UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

September 16, 2021

LETTER MEMORANDUM

    Re: <u>Terry Lowery, et al. v. James Craze, et al.</u>
        Civil Case No. SAG-20-3466

Dear Counsel:

    I have reviewed the motion filed by Defendants James and Kristen Craze seeking an order requiring the Plaintiffs to submit to defense medical examinations (DMEs) with defense experts. ECF 36. Plaintiffs Terry and Lora Lowery have opposed the motion, ECF 37, and Defendants filed a reply, ECF 39. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Defendants' motion will be granted.

    Rule 35 of the Federal Rules of Civil Procedure allows this Court to order a party to submit to a physical or mental examination by a suitably licensed or certified examiner, where that party's mental or physical condition is in controversy. While Plaintiffs concede that their medical conditions are at issue, they interpose several objections to Defendants' requested DMEs: (1) that Defendants should have to pay Plaintiffs' travel costs from Delaware to Maryland; (2) that Plaintiffs should be permitted to videotape and/or have an observer attend the DME; (3) that Plaintiffs should be able to obtain supplemental discovery responses from Defendants before consenting to the DME; and (4) that Defendants' expert must agree to appear for an in-person deposition, rather than one conducted via Zoom. Each argument lacks merit.

    First, with respect to the location of the DMEs, Rule 35 provides no guidance as to the appropriate location or the payment of expenses. A survey of cases in which such issues have been considered reveals two general principles. First, the examination is generally conducted in the judicial district where the case was filed. *See, e.g.*, *Baez v. Commerce Bank*, 2007 WL 2580498, *1 (E.D.N.Y. Sept 4, 2007) (noting that ordinarily a "defendant is entitled to examine a plaintiff in the forum where she commenced suit" although this "general rule may yield to the exigencies of the particular case") (internal citations omitted); *Baird v. Quality Foods*, 47 F.R.D. 212, 213 (E.D. La. 1969) (noting that "in the usual case," a Rule 35 examination is conducted "at the venue selected initially by the plaintiff."). Defendants' proposed DMEs in this case would be conducted in Baltimore City, which is within this judicial district. Second, when defendants have been denied examinations by their chosen experts, it is generally based on a showing of medical hardship, such as the burden the physical travel would place on the proposed examinees. *See, e.g.*, *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 107 (E.D. N.C. Sept. 23, 1993) (denying a motion for an examination to be conducted outside the judicial district where the case was

Terry Lowery, et al. v. James Craze, et al.
Civil Case No. SAG-20-3466
September 16, 2021
P a g e | **2**

pending, because the proposed location would require a four-hour drive for a wheelchair-bound plaintiff with no independent means of transportation). Here, Plaintiffs complain only of the cost they will incur traveling into the judicial district where they themselves filed this lawsuit. Accordingly, this Court will not impose such travel costs on Defendants, who are well within their rights to request DMEs conducted within this district.

Second, Plaintiffs suggest that they should be permitted to record or bring an observer to the DMEs. Plaintiffs cite no cases in support of their request. In contrast, Defendants cite a litany of cases suggesting that such measures are well-established to be inappropriate. ECF 36 at 3-4. This Court sees no reason to depart from the well-reasoned conclusions reached by other courts, particularly in light of the current COVID-19 pandemic making additional observers in medical offices especially problematic.

Third, Plaintiffs inappropriately interpose a discovery dispute regarding responses to their discovery requests into their opposition to this motion. To the extent Plaintiffs seek to compel discovery, they must follow the procedures set forth in the Local Rules of this Court. Plaintiffs' receipt of discovery responses they deem acceptable is entirely unrelated to whether Defendants should be permitted to conduct routine Rule 35 examinations.

Finally, this Court declines to dictate the terms of a deposition for a witness who has not yet even examined the Plaintiffs. Once the examinations are conducted pursuant to this Court's order, the parties are ordered to meet and confer regarding the appropriate way to conduct the deposition of Defendants' expert or experts. The parties should be mindful that—to the extent one party insists upon an in-person deposition and the costs to the opposing party to participate in the proceeding exceed the costs to conduct the same deposition virtually—this Court may order the party requiring the in-person appearance to pay the difference.

A separate order is entered herewith.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge